348

ADRIANA CRUZ DE IGLESIAS, Plaintiff and Appellee, *v.* MUNICI-
PALITY OF SAN JUAN, Defendant and Appellant.

No. 4915.   Argued March 18, 1929.—Decided March 25, 1929.

*Eugenio Font* for the appellant.   *José Iglesias de la Cruz* for the appellee.

Mr. JUSTICE TEXIDOR delivered the opinion of the court.

In this case the District Court of San Juan rendered judgment on December 1, 1928; the defendant appealed on the 13th of the same month and the transcript of the evidence was approved on January 29, 1929.  On March 5, 1929, the appellee moved for dismissal of the appeal because from January 29, 1929, up to the date of the motion the appellant had done nothing towards presenting in this court the transcript of the evidence or of the record.

On March 18, 1929, the appellant filed the judgment roll, the transcript of the evidence and a motion in opposition to that of the appellee, invoking the circumstance that the change of administration of the municipality of San Juan brought about a change of the attorney who represents the municipality and the appointment was delayed for some days, and alleging that the appeal has been prosecuted diligently and that the short delay was caused only by the difficulties inherent to that change.  It exhibited an affidavit of merits to the effect that from January 14 to March 1, 1929, the municipality of San Juan has been practically without counsel in the present case, as attorney Rossy ceased to hold office on January 14; that the affiant attorney has been examining the affairs of the municipality and holding consultations and has been unable to give his attention to this case until given

notice of the motion to dismiss; that ninety days have not elapsed since the taking of the appeal, but only thirty-four days since the approval of the transcript of the evidence; that this is a case in which, if the judgment should prevail, the municipality would have to demolish a sewer, and that the affiant believes that the municipality has a good and meritorious defense. The appellant moves that the motion to dismiss be overruled.

From the antecedents accompanying the motion of the appellee it appears that it was made four or five days after the expiration of the time allowed for filing the transcript of the record. But the allegations and affidavit of the appellant show sufficient grounds in justification of the delay. On the other hand, the transcripts have been filed and this is proof that there has been no negligence.

For the foregoing reasons the motion to dismiss is overruled, the transcripts are admitted and the appellant is allowed twenty days for filing a brief, counting from the filing of the said transcript.